## THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY V. JESSE A. WHITE.
### No. 15,375.    (94 Pac. 265.)

Error from Shawnee district court; ALSTON W. DANA, judge.    Opinion filed February 8, 1908. Affirmed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for plaintiff in error.
*Joseph G. Waters,* and *John C. Waters,* for defendant in error.

*Per Curiam:* A large quantity of snow mixed with cinders was thrown by a locomotive and snow-plow from the track of the railroad company against the station-house, breaking through a window and striking the agent, who was within, and destroying his eye, for which he recovered a judgment against the company. To clear the cinder platform at the station of snow

the employees of the company unnecessarily shoveled the snow and cinders upon the track. It is contended that there was no testimony warranting the instruction which left it to the jury to decide whether snow mixed with cinders had been thrown on the track, and that the jury had in effect so found. In answer to the question "If you find that any cinders were thrown on the track, please state what witness or witnesses testified to that fact," the jury responded, "No evidence." The finding that there was no evidence that any particular witness had testified to seeing cinders thrown on the track is not a finding that no snow and cinders were thrown on the track. There was no direct evidence of the shoveling of cinders upon the track, but there was testimony that the snow which fell on the cinder platform was shoveled upon the track, instead of upon the other side of the platform, and that the snow so piled on the track and thrown against and into the station-house was mixed with cinders. There were good reasons, therefore, for an inference that the cinders mixed in these snow piles were shoveled with the snow from the cinder platform, but whether the cinders in the snow were shoveled upon the track is not a very material fact. The piling of the snow upon the track, with or without cinders, was a negligent act, and the company might have anticipated that these accumulations and obstructions on the track might be thrown against employees or patrons in the vicinity in a way that would result in injury. There appears to be sufficient evidence not only to support the submission of the question to the jury, but also to uphold the verdict and judgment.

The judgment of the court is affirmed.